IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID STREET                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:19-cv-154-HTW-LRA

CIGNA GROUP INSURANCE,
LIFE INSURANCE COMPANY OF
NORTH AMERICA, CONNECTICUT
GENERAL LIFE INSURANCE COMPANY,
CIGNA LIFE INSURANCE OF NEW YORK,
AND JOHN DOES 1-10                                              DEFENDANTS

## Notice of Removal

TO:   Anita Wray
      Circuit Court Clerk
      Post Office Box 1626
      Canton, Mississippi  39046

      Penny Lawson
      Varner, Parker & Sessums, P.A.
      1110 Jackson Street
      Vicksburg, Mississippi  39183

You are hereby given notice that defendants Life Insurance Company of North America ("LINA"), Connecticut General Life Insurance Company ("CGLIC"), and Cigna Life Insurance Company of New York ("CLICNY")[1] have removed this action from the Circuit Court of Madison County, Mississippi to the United States District Court for the Southern District of Mississippi, Northern Division.  The bases for removal are set forth below:

---

[1] As explained below, all named defendants except LINA are improperly named, improperly joined, nominal defendants.  All named defendants nonetheless join in this Notice of Removal.

1.

This action was filed in the Circuit Court of Madison County, Mississippi, bearing Civil Action No. CI 2019-0026JE (MEC No. 45CI1:19-cv-00026).  On or after January 28, 2019, defendant LINA was served through delivery of the Complaint to the Commissioner of Insurance of Mississippi, who forwarded the Complaint to C.T. Corporation.  A copy of all process, pleadings, and orders served on defendants is attached hereto as Exhibit "A."

2.

The other named defendants are improperly joined, but they nonetheless join in this Notice of Removal, without waiver of any defenses including but not limited to jurisdictional defenses and Rule 12 defenses.  In addition to LINA, the Complaint lists the following nominal/mis-named defendants:

A)  The Complaint includes "CIGNA GROUP INSURANCE" in the list of defendants. "Cigna Group Insurance" is a registered service mark of Cigna Intellectual Property, Inc.  Cigna Group Insurance is not an insurance company.  Cigna Group Insurance is not a legal entity, and is not a proper defendant in this action.  There is no possibility that Plaintiff can obtain a judgment in this case against Cigna Group Insurance. Cigna Group Insurance is therefore a nominal, fictitious, and improperly joined party, whose citizenship is not considered for purposes of removal, and whose joinder in this notice of removal is not required.

B)  The Complaint includes Connecticut General Life Insurance Company ("CGLIC") in the list of defendants.  The Complaint makes no reference to CGLIC other than listing CGLIC as a defendant in the case caption.  CGLIC has no connection with this case, or with the underlying employee benefit plan or insurance policy.  There is no possibility that Plaintiff can obtain a judgment in this case against CGLIC. CGLIC is therefore a nominal and improperly joined party.

CGLIC nonetheless joins in this Notice of Removal, without waiver of any defenses including jurisdictional defenses and Rule 12 defenses.

C)  The Complaint includes "CIGNA Life Insurance of New York" in the list of defendants.  There is no company with that name, although there is a company named "Cigna Life Insurance Company of New York" ("CLICNY" herein), which has no connection to this case.  The Complaint makes no reference to CLICNY other than listing it as a defendant in the caption of the pleading.  CLICNY has no connection with this case, or with the underlying employee benefit plan or insurance policy.  There is no possibility that Plaintiff can obtain a judgment in this case against CLICNY.  CLICNY is therefore a nominal and improperly joined party.   Furthermore, CLICNY has not been effectively served with process in this action, and CLICNY is not subject to the jurisdiction of this Court.  CLICNY nonetheless joins in this Notice of Removal, without waiver of any defenses including jurisdictional defenses and Rule 12 defenses.

D)  The Complaint includes "John Does 1-10" in the list of defendants.   The "John Doe" defendants are nominal parties, whose citizenship is not considered for purposes of removal, and whose joinder in this notice of removal is not required, pursuant to 28 U.S.C. § 1441(b).

3.

The United States District Court for the Southern District of Mississippi, Northern Division, has original subject matter jurisdiction of this civil action pursuant to federal question, 28 U.S.C. § 1331.  Some or all of Plaintiff's claims relate to an employee welfare benefit plan established or maintained by an employer, for the purpose of providing benefits for the participants or beneficiaries of the plan.  As such, plaintiff's exclusive remedy with respect to some or all of the claims in the Complaint is provided by ERISA, 29 U.S.C. § 1001, *et seq. See*

ERISA § 502(a)(1)(B) (codified at 29 U.S.C. Sections 1331 and 1332). This Court has federal question jurisdiction and the cause is removable under 29 U.S.C. §§ 1132(a) and 1144(a), and 28 U.S.C. §§ 1331 and 1441(b). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

4.

This Court also has subject matter jurisdiction over this case pursuant to diversity of citizenship, 28 U.S.C. § 1332, because:

A) Plaintiff is an individual domiciled in the State of Mississippi, and Plaintiff is a citizen solely of the State of Mississippi.

B) LINA is a corporation organized and existing pursuant to the laws of Pennsylvania, with its principal place of business in Pennsylvania. LINA is a citizen solely of the State of Pennsylvania for purposes of determining diversity of citizenship. LINA is not a citizen of the State of Mississippi. Complete diversity of citizenship exists between plaintiff and LINA.

C) CGLIC is a corporation organized and existing pursuant to the laws of Connecticut, with its principal place of business in the State of Connecticut. CGLIC is a citizen solely of the State of Connecticut for purposes of determining diversity of citizenship. CGLIC is not a citizen of the State of Mississippi. Complete diversity of citizenship exists between plaintiff and CGLIC.

D) CLICNY is a corporation organized and existing pursuant to the laws of New York, with its principal place of business in the State of New York. CLICNY is a citizen solely of the State of New York for purposes of determining diversity of citizenship. CLICNY is not a citizen of the State of Mississippi. Complete diversity of citizenship exists between plaintiff and CLICNY.

E) The Complaint does not specify the amount demanded, but the value of the benefits, remedies and relief sought in the Complaint exceeds $75,000.00 exclusive of interest and costs. The Complaint includes demands not only for contractual disability benefits, but also for "severe mental and emotional distress" damages, "incidental and consequential damages," "extra-contractual damages," attorney fees, "litigation expenses," and punitive damages. These allegations and demands demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g., Magruder v. Brashier*, 3:18-CV-588 HTW-LRA, 2019 WL 332719, *2 (S.D. Miss. 1/25/2019) (amount in controversy requirement for diversity was satisfied although damages were unspecified, because complaint included "bad faith" allegations and sought punitive damages; "[s]uch claims are generally held to exceed the federal jurisdictional amount").

5.

Written notice of the filing of this Notice of Removal is being served upon plaintiff's counsel and the Circuit Clerk of Madison County, Mississippi. A copy of the complete state court file, including all process and pleadings from the state court action, will be promptly filed in accordance with this Court's electronic case filing procedures.

6.

Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division, because the state court in which the case was filed (the Circuit Court of Madison County, Mississippi) is within such district and division.

7.

Defendants reserve the right to amend or supplement this Notice of Removal, and defendants reserve all defenses.

WHEREFORE, defendants file this notice of removal and hereby remove this civil action to the United States District Court for the Southern District of Mississippi, Northern Division. Plaintiff is notified to proceed no further in state court unless or until the case should be remanded by order of said United States District Court.

Respectfully submitted, this the 26th day of February, 2019.

                Life Insurance Company of North America,
                Connecticut General Life Insurance Company,
                and Cigna Life Insurance Company of New York

                By: s/ William F. Ray
                     William F. Ray

OF COUNSEL:

William F. Ray (MSB No. 4654)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi  39205
Telephone:   (601) 965-1900
Facsimile:   (601) 965-1901
Email: wray@watkinseager.com

CERTIFICATE OF SERVICE

      I, William F. Ray, attorney for defendants Life Insurance Company of North America, Connecticut General Life Insurance Company, and Cigna Life Insurance Company of New York, do hereby certify that I have this day served a true and correct copy of the above and foregoing document via U.S. Mail, postage prepaid upon:

Anita Wray
Circuit Court Clerk
P.O. Box 1626
Canton, MS 39046

Penny Lawson
Varner, Parker & Sessums, P.A.
1110 Jackson Street
Vicksburg, Mississippi 39183

This the 26th day of February, 2019.

                                              By: s/ William F. Ray
                                                   William F. Ray